IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN R. YOURKE, | No. C 03-03105 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| CITY & COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | |

On June 27, 2006, this Court issued an order denying without prejudice all pending motions and staying the proceedings in this case. (Docket No. 96.) In doing so, the Court declined to rule on all issues raised in those motions--including the constitutionality of Plaintiff's strip search, as well as the issue of Defendants' qualified immunity--until the Ninth Circuit ruled on an appeal in a related case, <u>Mary Bull, et al. v. City and County of San Francisco, et al.</u>, No. C 03-1840 CRB. <u>Bull</u> involved, among other issues, a determination as to qualified immunity in the context of the Defendants' strip search policy generally.

Now pending before the Court is Plaintiff's Ex Parte Motion for Leave To File Motion for Reconsideration of Order Denying Motion for Summary Judgment. In this motion, Plaintiff notes that Defendants have taken an interlocutory appeal in this case, and that they rely in their opening brief on appeal on a declaration by Undersheriff Jan Dempsey. Plaintiff further notes that he previously objected to the declaration and challenged its admissibility. In the pending motion, he requests this Court to rule on the admissibility of

1  Undersheriff Dempsey's declaration "before the Ninth Circuit rules" on the interlocutory
2  appeal taken in this case.

3  The Court hereby DENIES Plaintiff's ex parte motion. The Court reiterates that it has
4  denied *without prejudice* all pending motions in this case, including the government's
5  previous motion for summary judgment on the issue of qualified immunity. It is therefore
6  inappropriate and premature to consider the admissibility of evidence, such as Undersheriff
7  Dempsey's declaration, which was submitted in connection with those previously filed
8  motions. The Court declines to consider the admissibility of such evidentiary issues in a
9  vacuum, and the Court again reiterates that all proceedings in this case are STAYED until the
10 Ninth Circuit rules on the pending appeal in Bull.

11 **IT IS SO ORDERED.**



14 Dated: December 18, 2006           CHARLES R. BREYER
                                      UNITED STATES DISTRICT JUDGE

G:\CRBALL\2003\3105\order 5 declaration.wpd           2